**Homer J. GILPATRICK, Plaintiff,**

v.

**Robert H. FINCH, Secretary of Health, Education, and Welfare, Defendant.**

**No. J–68–C–52.**

United States District Court,
E. D. Arkansas,
Jonesboro Division.

March 30, 1971.

Lee Ward, Jonesboro, Ark., for plaintiff.

Robert F. Fussell, Asst. U. S. Atty., Little Rock, Ark., for defendant.

## MEMORANDUM AND ORDER

EISELE, District Judge.

This Social Security disability case is now before the Court on the motion of the defendant for summary judgment. The scope of the Court's review is limited to the question of whether the final decision of the Secretary of Health, Education and Welfare, adverse to claimant, is supported by substantial evidence as that term is now currently understood, 42 U.S.C. Section 405(g).

The jurisdiction in a case of this kind is extremely limited. The Court is not authorized to try the case de novo, or to consider additional evidence, or to substitute its judgment for that of the administrative fact finders on questions of fact. If the findings of the agency are supported by substantial evidence appearing in the record, considered as a whole, the Court is required to accept the findings, and that principle extends to permissible inferences of the primary fact finder as well as to underlying facts.

The issue in this case is whether there is substantial evidence in the record to support the decision of the Secretary that the plaintiff was not entitled to a period of disability or disability insurance benefits under the Social Security Act. The plaintiff filed application for a period of disability and for disability insurance benefits alleging that he became unable to work on October 4, 1963 at age 41 due to a nervous condition and a back injury. This application was denied initially because the plaintiff did not have sufficient quarters of coverage under the Social Security Act to qualify him for benefits, regardless of his impairment. Subsequently, it was determined by investigation that the plaintiff had enough quarters of coverage to qualify him for disability insurance benefits, if he met the disability test, prior to June 30, 1964. His application of October 14, 1965 was then considered on its merits and denied. Following an on-the-job injury to his back in 1957, the plaintiff underwent a surgical excision of a degenerative disc. The plaintiff recovered well from his surgery and at the time he was discharged had no difficulty in standing or walking. The plaintiff re-injured his back in September of 1960 and following the administration of drugs to relax his muscles and treatment by traction the plaintiff's back greatly improved and he was discharged. Following his back surgery in 1958 the plaintiff returned to work until he re-injured his back in September, 1960. The plaintiff again returned to work after his second injury and while his earning record does not indicate any large amount of income he worked in six (6) continuous quarters from the third quarter of 1962 through the last quarter of 1963. In 1963 he was a self-employed carpenter. The work performed in the period subsequent to the second injury was the most continuous period of employment shown on the plaintiff's wage record. The highest single year of earnings of the plaintiff seems to be $1,331.-00. This is including his entire work record both before and after the injuries.

The medical evidence does show that the plaintiff suffered some residual disability following his first and second injuries. Dr. Hugh Smith, an orthopedic surgeon, found after neurological examination and testing that plaintiff had some diminished sensation and reflexes in both lower extremities. However, the vascular status of both lower extremities was normal. The doctor reported that the plaintiff walked with a limp favoring his right lower extremity and has some tenderness, but no spasm in the paravertebral muscles. Examination of the hips and legs disclosed normal ranges of motion even though the plaintiff was found to be voluntarily guarding the muscles of the right hip and right leg. He also found on physical examination that the plaintiff was well developed and well nourished and in no acute distress. Dr. Smith testified in the plaintiff's Workmen's Compensation hearing in 1961 that the plaintiff should be evaluated at a 15% over all bodily disability for both the first and second injuries.

The plaintiff was examined at the Veterans Administration Hospital in Little Rock in 1967 at which time he complained of difficulty with his back and nervousness. The plaintiff was found to be well built and nourished. Based on his complaints of nervousness, a separate and complete neuropsychiatric examination was also performed. Dr. Weatherly, the examining physician, noted that the plaintiff was preoccupied with his numerous complaints, but well oriented and with an intact memory. This physician felt that the plaintiff had a lot of complaints and exhibited dramatic behavior during the examination, consequently, the examining physician was "inclined to think that there is conscious exaggeration present." The final diagnosis was that the plaintiff had an anxiety reaction, but was nevertheless competent.

What effect the fact that the plaintiff was receiving Workmen's Compensation benefits and Veterans Administration payments had on his motiva-

tion does not seem to be pertinent to the issue at hand, remembering that the burden of proof in Social Security cases is on the one seeking the benefit of the statute. It does not appear that the evidence of record is sufficient to find that the plaintiff suffered such impairments as to preclude him from performing substantial, gainful activity on or before June 30, 1964 when he last met the earning requirements.

The Court must reject the plaintiff's contention that the Court should consider the effect of "vast amount of pertinent-even-vital-evidence which was obviously available, but not put in the record." The Court cannot consider what this case might have been, but only what it is, according to the record.

The record is clear that the hearing examiner advised the plaintiff that he was entitled to have an attorney or some other qualified person with him during the hearing. There is nothing in the record to support the plaintiff's claim that the defendant had encouraged the plaintiff to proceed without benefit of professional counsel.

Plaintiff cites no authority for his contention that the government's failure to appoint counsel to represent him in this civil action was a violation of due process of law as protected by the fifth amendment to the United States Constitution. In Butler v. Folsom, D.C., 167 F.Supp. 684 (1958) an Arkansas case, the Court expressed itself on this issue. "The mere fact that the plaintiff was not represented in the administrative hearing by an attorney is not itself sufficient to admit new evidence since the plaintiff is chargeable with meeting his burden of proof whether he is represented by counsel or not."

■ A serious question could arise as to whether the Secretary's determination was arbitrary if the record reflected a total absence of evidence on the behalf of the plaintiff. However, this cannot be seriously contended in this case since the medical records and reports of examinations were received in evidence from Doctors E. A. Shaneyfelt, T. N. Rodman, G. W. Taylor, H. Smith, and A. H. Oleynick. The plaintiff's hospital records were also entered as evidence. This is not to say that a more complete case could not have been made by counsel, but certainly this Court cannot say that the plaintiff was not afforded a fair hearing.

■ One of the most exacting requirements of the Social Security Act is that the alleged impairment be medically determinable, that is, the existence of the condition must be established by objective medical, clinical or laboratory evidence.

The Court cannot say that the examiner did not come to a permissible conclusion or that his findings are not supported by substantial evidence. There is nothing here to suggest that the challenged administrative determination was arbitrary or that it stemmed from any erroneous view of the law.

It is ordered that the motion of the defendant for summary judgment be, and the same hereby is granted and the final determination of the Secretary be, and it hereby is affirmed and that the Complaint be dismissed with prejudice.